Jose Joel **MANDORIAO,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–70870.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 13, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo a

Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, M. Jocelyn Wright, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jose Joel Mandoriao petitions for review of the Board of Immigration Appeals' affirmance of an order of deportation issued by an Immigration Judge. Because he raises a question of law, we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). We deny the petition.

Under former INA § 321(a), a child could derive United States citizenship solely from his father's naturalization if the parents were legally separated and the father had legal custody of the child.[1] The parents must have been legally separated at the time of the father's naturalization, however.[2] Mandoriao's parents were not legally separated at the time of his father's naturalization.[3] Additionally, the record is

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 8 U.S.C. § 1432(a)(3) (repealed by the Child Citizenship Act of 2000, Pub.L. No. 106–395, 114 Stat. 1631).

2. *See Minasyan v. Gonzales,* 401 F.3d 1069, 1076–80 (9th Cir.2005) (performing a detailed analysis of whether legal separation of the parents occurred before naturalization and concluding that Minasyan was a United States citizen "because his parents were legally separated when his custodial parent was naturalized").

3. *Id.*

clear that Mandoriao's father never had legal custody over him. Thus, Mandoriao did not derive United States citizenship when his father was naturalized.[4]

PETITION DENIED.